IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO. 1:12 CV 1112
SKYWAY INVESTMENT :
CORPORATION, :
: <u>MEMORANDUM OF OPINION AND</u>
Plaintiff, : <u>ORDER GRANTING THE</u>
: <u>DEFENDANT'S MOTION TO DISMISS</u>
-vs- :
:
:
SOL TUSHMAN, et al, :

              Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before the Court are four motions: (1) Defendant Sol Tushman's motion to dismiss, to which plaintiff Skyway Investment Corporation ("Skyway") has responded in opposition; (2) Skyway's motion for default judgment against Defendant William Davies, which Mr. Tushman has opposed; (3) Defendant John Poss's motion for leave to file an answer instanter; and (4) Defendant William Davies's motion for leave to file an answer instanter. For the reasons that follow, the defendant's motion to dismiss will be granted, and the remaining motions will be denied as moot. Entry of default against William Davies will be set aside, and this matter will be dismissed in its entirety, with prejudice, for lack of subject matter jurisdiction.

**I. Procedure**

This suit was initiated on 4 May 2012, when Skyway filed a complaint against a single defendant, Mr. Tushman, alleging violations of its property rights pursuant to 42 U.S.C. §§ 1982 & 1983. (Doc. 1). The defendant answered on 22 May 2012 and denied all liability. (Doc. 6). On 15 June 2012, Skyway filed an amended complaint adding new party defendants John Poss and William B. Davies.[1] (Doc. 7). On 25 June 2012, Mr. Tushman filed a motion to dismiss, to which the plaintiff responded on 24 September 2012. (Doc. 9, 21). On 29 August 2012, after Mr. Davies failed to answer, Skyway applied for entry of default, which was entered that day. (Doc. 18). On 30 August 2012, Skyway filed a motion for default judgment against Mr. Davies, to which Mr. Tushman has responded in opposition. (Doc. 19, 20). On 19 December 2012, Mr. Poss filed a motion for leave to file an answer instanter to the amended complaint. (Doc. 24). On 26 December 2012, Mr. Davies filed a motion for leave to file an answer instanter. (Doc. 25).

**II. Discussion**

The discussion begins with Mr. Tushman's motion to dismiss. Of his various attacks on the plaintiff's complaint, only the question of the Court's subject matter

---

[1] Skyway filed its amended complaint without written consent of Mr. Tushman or leave of court, more than 21 days after service of the answer. Pursuant to Federal Rule 15(a)(2), Skyway needed one or the other. However, because Mr. Tushman has treated the amended complaint as the operative pleading in this matter, by filing a motion to dismiss directed at it, rather than the initial complaint, the Court interprets this as his written consent. In any event, it is a moot point, since, as discussed below, this case cannot survive jurisdictionally against any defendant on the strength of either pleading.

2

jurisdiction needs attention. Where, as here, a Rule 12(b)(1) motion contests subject matter jurisdiction factually, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir.1996) (quoting Mortensen v. First Fed. Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). The Court will accordingly consider the complaint and the various documents submitted by both parties, in assessing whether jurisdiction is proper.

Skyway's complaint relates to the disposition of a piece of real estate located in Ashtabula County, Ohio. Although Skyway offers very little in the way of background, Mr. Tushman has placed the Court on notice that the property at issue has been the subject of a protracted legal battle in both state and federal court, stretching back almost two decades.[2] (See Doc. 9-2, 9-3).

According to state-court documents, the dispute originated with defendant John Poss's efforts to secure title to the subject property, pursuant to a settlement agreement with one Marilyn Morris, who is not a party to this suit. In their agreement, Ms. Morris promised to convey the property to Mr. Poss in satisfaction of a judgment he had against her. On Mr. Poss's motion to enforce the settlement, the state court incorporated the agreement into the court's judgment on 16 September 1993. However, instead of acting in accordance with the court's order, Ms. Morris conveyed the property to Skyway, the plaintiff in the present case. (Doc. 9-3).

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." See Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980).

3

Having taken legal title, Skyway also resisted Mr. Poss's claim to the property, arguing before the state court that it was a bona fide purchaser for value. The state court rejected this argument and held that Skyway was on notice of Mr. Poss's interest in the property at the time it took legal title. As a consequence, the court concluded, the property was subject to a constructive trust in favor of Mr. Poss.[3] In a judgment entry filed 28 February 2006, the state court appointed Sol Tushman, defendant in the present case, as receiver to preserve and protect the property for the benefit of its equitable owner Mr. Poss. The court appointed William B. Davies, also a defendant here, for the purpose of executing a deed for the conveyance of the property to Mr. Poss. (Doc. 9-3).

Instead of appealing this ruling, Skyway filed petitions for a writ of prohibition to prevent the receivership, and for a writ of mandamus ordering the trial court to vacate its judgment. Its petitions were denied by the court of appeals. Skyway sought review in the Ohio Supreme Court, which affirmed. See State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas, 130 Ohio St. 3d 220, 221 (Ohio 2011).

Finally, Skyway brought the present suit in federal district court, alleging that its property rights were violated pursuant to 42 U.S.C. §§ 1982 & 1983, when the state court appointed Mr. Tushman, as receiver, and Mr. Davies, to execute the deed. Skyway maintains that it is entitled to an injunction prohibiting the defendants from complying with the state-court order. Although Skyway does not say it precisely, it is

---

[3] A panel of the Sixth Circuit reached the same conclusion in Ms. Morris's bankruptcy proceedings, holding that "Ohio law impressed a constructive trust on the property in favor of [Mr. Poss]." In re Morris, 260 F.3d 654, 670 (6th Cir.2001).

4

essentially asking this Court to review and modify, on constitutional grounds, the judgment of the state court.

This Court disagrees with the plaintiff's position. This is a court of original jurisdiction, not a court of appeals, and certainly not, in this instance, a tribunal empowered to review the final judgment of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Under the Rooker-Feldman doctrine, this Court has no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Skyway, the state-court loser in this instance, challenges a previously rendered state-court judgment. It asks this Court to declare the state court's appointments of Mr. Tushman and Mr. Davies unconstitutional and enjoin the defendants from carrying out their judicially mandated duties. Because these facts fit squarely within the confines of Rooker-Feldman, the Court concludes that it has no jurisdiction.

**III. Conclusion**

For the foregoing reasons, the defendant's motion to dismiss is granted. The remaining motions are moot. Entry of default against William Davies is set aside. This matter is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

                                              /s/Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Date: 2 January 2013